Che L. Hashim, Esq. (SBN 238565)
861 Bryant Street
San Francisco, CA 94103
Tel: 415/487-1700
Fax: 415/431-1312
Email: che.hashim.esq@gmail.com


Attorney for Plaintiff
RAAD ZUHAIR RABIEH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAAD ZUHAIR RABIEH,<br><br>Plaintiff,<br><br>vs.<br><br><br><br><br><br>PARAGON SYSTEMS, INC, dba PARASYS, INC., DOES 1-20;<br><br>Defendants. | Case No.<br><br>**Plaintiff's Second Amended Complaint For Damages:**<br>1.  42 U.S.C. § 1983: Unlawful Search/Detention/Arrest: 4th Amendment.<br>2.  42 U.S.C. § 1983: Excessive Force: 4th Amendment.<br>3.  42 U.S.C. § 1983: 1st Amendment.<br>4.  Cal. Civ. Code § 52.1<br>5.  Cal. Civ. Code § 51.7<br>6.  Assault<br>7.  Battery<br>8.  Negligence<br>9.  Neg. Infliction of Emotional Distress<br><br>**Jury Trial Demand** |

**INTRODUCTION**

1.     This is an action for damages brought under Title 42 U.S.C § 1983, the First, Fourth, and Fourteenth Amendments to the United States Constitution, and the statutory and common law of California.  This

action is against PARAGON SYSTEMS, INC, dba PARASYS, INC., and DOES 1-20.

## JURISDICTION

2. This action arises under 42 U.S.C § 1983. This Court has original jurisdiction over Plaintiff's federal civil rights claims under Title 42 U.S.C. § 1983, and Title 28 U.S.C. §§ 1331 and 1343(a)(3). This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a).

3. The acts and omissions complained of herein occurred in Santa Clara County, California.

## PARTIES

4. Plaintiff RAAD ZUHAIR RABIEH resides in California, and is a United States citizen.

5. Defendant PARAGON SYSTEMS, INC, dba PARASYS, INC. is and at all times herein mentioned is a corporation duly organized and existing under the laws of the State of Alabama, and qualified to do business, and which conducts business in California under the name PARASYS, INC.

6. Defendant PARAGON SYSTEMS, INC, dba PARASYS, INC. contracts with the State of California, the United States government, and/or individual departments or districts thereof, to provide security for state and federal offices, including the Robert F. Peckham Federal Building located at 280 S. 1st Street in San Jose, California, including regulating the entry and exit from the building.

7. At all times mentioned herein, **DOE 1**, was an employee of PARAGON SYSTEMS, INC, dba PARASYS, INC., and is sued in his individual and official capacities capacity.

8. At all times mentioned herein, **DOE 2**, was an employee of PARAGON SYSTEMS, INC, dba PARASYS, INC., and is sued in his individual and

official capacities capacity.

9.     At all times mentioned herein, **DOE 3**, was an employee of PARAGON SYSTEMS, INC, dba PARASYS, INC., and is sued in his individual and official capacities capacity.

10.    At all times mentioned herein, **DOE 4**, was an employee of PARAGON SYSTEMS, INC, dba PARASYS, INC., and is sued in his individual and official capacities capacity.

11.    At all times mentioned herein, **DOE 5**, was an employee of PARAGON SYSTEMS, INC, dba PARASYS, INC., and is sued in his individual and official capacities capacity.

12.    Plaintiffs are ignorant of the true names and/or capacities of defendants sued herein as **DOES 6 through 20**, inclusive, and therefore sue said defendants by such fictitious names.  Plaintiffs will amend this complaint to allege their true names and capacities when ascertained.  Plaintiffs believe and allege that each of the DOE defendants is legally responsible and liable for the incident, injuries and damages hereinafter set forth. Each defendant proximately caused injuries and damages because of their negligence, breach of duty, negligent supervision, management or control, violation of public policy, and false arrests.  Each defendant is liable for his/her personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control or upon any other act or omission.  Plaintiffs will ask leave to amend this complaint subject to proof adduced at trial.

13.    In doing the acts alleged herein, **DOES 1-5**, acted within the course and scope of their employment with PARAGON SYSTEMS, INC, dba PARASYS, INC..

14.    In doing the acts and/or omissions alleged herein, Defendants, and each of

them, acted under color of authority and/or under color of state law.

15. In doing the acts and/or omissions alleged herein, Defendants, and each of them, acted as the agent, servant, and employee and/or in concert with each of said other Defendants herein.

16. In doing the acts and/or omissions alleged herein, Defendants, and each of them, was performing a public function, and/or there was a sufficient nexus between Defendants actions of the Defendants, and the United States Government such that the acts of Defendants complained of herein are properly attributable to the government.

## FACTS COMMON TO ALL ALLEGATIONS

17. Plaintiff, a native of the Kingdom of Jordan, holds a B.S. degree in law (equivalent to a United States Juris Doctorate), and an LL.M. (Masters in Law) from the University of San Francisco, which he obtained in 1998. Plaintiff has been a United States citizen since 2003, and has worked professionally in the area of Law Enforcement Compliance within a large tech company, operating under FISA, and directly assisting government agencies in their efforts to protect children online.

18. On April 12, 2012, at approximately 11:30 a.m., Plaintiff concluded his business at the Social Security Administration office inside of the Robert F. Peckham Federal Building located at 280 S. 1st Street in San Jose. Just prior to leaving the office, Plaintiff asked directions for exiting, and was given directions, which he believes he followed. Plaintiff, upon exiting, accidentally activated the emergency exit alarm. Plaintiff was surprised by the alarm, but did not leave the area, and instead, signaled to the approaching security guard (DOE 1), whom he recognized from his previous pass through security on his way to the SSA office. DOE 1 asked what occurred, Plaintiff explained, and the guard calmly turned off the alarm and directed Plaintiff to accompany him inside so that an

incident report could be prepared.  Plaintiff complied without reservation.

19.  Upon reentering the building, Plaintiff was asked for and did provide his California Driver's License, and was told to sit next to a lady who was vociferously voicing complaints regarding some treatment she had recently received in the building.  A second security guard (DOE 2) took possession of Plaintiff's CDL and after looking at it, and a brief pause to observe Plaintiff, asked Plaintiff, "where do you work?"  Plaintiff responded, "the International Fencing Academy."  DOE 2 said nothing more to Plaintiff for approximately ten (10) minutes, while Plaintiff sat silently, whereupon DEO 2 approached Plaintiff and asked, "what is your race?"  Plaintiff responded, "white," as he believed this was the proper classification based upon the 2000 census.  DOE 2 responded, "what?"  Plaintiff restated his answer and explained that he had answered that way based upon what boxes were available for him to check on the DMV's questionnaire.  DOE 2 reacted with cynical and condescending body language, but said nothing, and left Plaintiff to sit quietly for another 10-15 minutes.

20.  After approximately thirty (30) minutes had passed since the alarm was triggered, Plaintiff approached DOE 1 and asked, "what is the delay."  DOE 1 responded that DOE 2 was gathering information from Plaintiff's CDL, and instructed Plaintiff harshly to go sit down until DOE 2 was finished.  Plaintiff politely asked if he could speak to the supervisor, and DOE 1 identified himself as the supervisor.  Plaintiff asked if he could speak to DOE 1's supervisor, and DOE 1 indicated that a DOE 4, working in San Francisco, was his supervisor, and that Plaintiff was welcome to call him.  Plaintiff requested the telephone number of DOE 4, from DOE 1, at which point DOE 1 begins to dictate the number to Plaintiff, while Plaintiff typed the numbers into his phone.  DOE 1 watches Plaintiff type

the numbers, and even corrects him when he observes Plaintiff make a mistake with the number. At this moment Plaintiff is facing DOE 1, and has his back turned to the other security officers in the immediate vicinity (DOE 2 and DOE 3). Without warning, DOE 3, heretofore uninvolved, grabbed Plaintiff's phone/hand, from behind, and screamed, "you can't use your phone in here!!!" DOE 3 forcibly took Plaintiff's phone from him and spontaneously yelled, "do you want me to arrest you?!?" Plaintiff stated, "arrest me for what?" DOE 3 immediately and without further command or warning, twisted Plaintiff's arm behind his back, though Plaintiff had mounted no physical resistance to the assault up to that point other than to turn his head toward the officer who had grabbed him, in order to address him. At this point DOE 2 grabs Plaintiff, and yells "comply," as DOE 2 and DOE 3 (and perhaps others) slam Plaintiff face first into a wall, causing a laceration to his forehead. DOE 2 and DOE 3 (and perhaps others) tackled Plaintiff to the ground and further assaulted and battered him, ultimately placing him in handcuffs and forcing him to sit in the chair to which he was first directed. At no point did Plaintiff strike or resist, or act in a threatening or assaultive manner towards DOE 1, DOE 2 or DOE 3.

21.    After approximately 15-20 minutes of Plaintiff sitting in silence, with gawking onlookers and at least one citizen voicing complaints about his treatment, DOE 2 and DOE 3 approached Plaintiff and he was instructed to stand up, whereupon DOE 2 told SDOE to "put it in a double knot." At this time, DOE 3 tightened Plaintiff's handcuffs, causing lacerations and bruising. After another 10 or so minutes, Plaintiff openly requested that someone call San Jose Police. Approximately ten minutes later, two San Jose Police Department officers responded (hereinafter "PD1" and "PD2").

22.   Plaintiff overheard parts of the interaction between DOE 1, DOE 2 and DOE 3, and PD1 and PD2.  DOE 1 described the reason for Plaintiff's detention, and PD2 asked DOE 1 weather it was a crime to have accidentally walked out of the emergency exit, to which DOE 1 responded that it was not.  After some discussion in more hushed tones, PD2 walked over to Plaintiff and asked, "have you ever been arrested?"  Plaintiff answered in the negative.

23.   At this point, with Plaintiff still in handcuffs, Plaintiff was taken outside of the building (in handcuffs) by PD2, and instructed to walk with PD2 to his patrol vehicle, whereupon PD2 removed the handcuffs.  PD2 then said to Plaintiff, something to the effect of, 'what I'm about to tell you is really important; we (PD1 & PD2) have nothing to do with this.'  At this point, PD1 approached the patrol car and began speaking with Plaintiff, while PD2 entered the patrol vehicle.  PD1 looked at Plaintiff's injured and bleeding forehead, as well as his bruised and bleeding wrists and asked, "you're sure those injuries weren't here before you came?"  Plaintiff responded that he was sure they were not, whereupon PD1 took either still photos, or video, of Plaintiff's injuries.  PD1 then read Plaintiff his Miranda rights and Plaintiff gave a statement.  Plaintiff believes the statement was recorded with an audio recording device.  PD1 then gave Plaintiff a pre-booking slip.  PD2 then got out of the car and presented Plaintiff with a citation (Notice to Appear), citing Plaintiff for misdemeanor battery.

24.   No charges were ever filed on the date the notice provided him to appear in court.

25.   Plaintiff has suffered physical, emotional, and financial injuries related to the unlawful actions of Defendants, and each and all of them, in doing the acts herein alleged.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

(42 U.S.C. § 1983- VIOLATION OF FOURTH AND FOURTEENTH

AMENDMENTS)

(AGAINST ALL Defendants)

26.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 25 of this complaint.

27.     The above-described conduct of Defendants PARAGON SYSTEMS, INC, dba PARASYS, INC. and DOES 1-3 violated Plaintiff's right to be free from (1) unreasonable search and seizure, under the Fourth and Fourteenth Amendments to the United States Constitution.

28.     As a proximate result of the foregoing wrongful acts of those Defendants, Plaintiff has sustained, and will in the future sustain, physical and pecuniary injury, and other compensable injuries.

29.     As a further proximate result of the acts of Defendants, Plaintiff suffered general damages including pain and suffering.

30.     In doing the foregoing wrongful acts Defendants, and each of them, acted in reckless and callous disregard for the constitutional rights of Plaintiff. The wrongful acts, and each of them, were willful, oppressive, fraudulent and malicious.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### SECOND CAUSE OF ACTION

(42 U.S.C. § 1983- VIOLATION OF FOURTH AND FOURTEENTH

AMENDMENTS)

(AGAINST All Defendants)

31.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 30 of this complaint.

32. The above-described conduct of Defendants PARAGON SYSTEMS, INC, dba PARASYS, INC. and DOES 1-3 violated Plaintiff's right to be free from (1) the unreasonable or excessive use of force, under the Fourth and Fourteenth Amendments to the United States Constitution.

33. As a proximate result of the foregoing wrongful acts of those Defendants, Plaintiff has sustained, and will in the future sustain, physical and pecuniary injury, and other compensable injuries.

34. As a further proximate result of the acts of Defendants, Plaintiff suffered general damages including pain and suffering.

35. In doing the foregoing wrongful acts Defendants, and each of them, acted in reckless and callous disregard for the constitutional rights of Plaintiff. The wrongful acts, and each of them, were willful, oppressive, fraudulent and malicious.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.


### THIRD CAUSE OF ACTION

(42 U.S.C. § 1983- VIOLATION OF FIRST AMENDMENT)

(AGAINST All Defendants)

36. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 35 of this complaint.

37. Defendants' above-described conduct violated Plaintiff's rights to petition government for a redress of grievances, under the First Amendment to the United States Constitution.

38. As a proximate result of the foregoing wrongful acts of Defendants, Plaintiff has sustained, and will in the future sustain, pecuniary loss and other compensable injuries.

39. As a further proximate result of the acts of Defendants, Plaintiff suffered general damages including pain and suffering.

Plaintiff Raad Zuhair Rabieh's Complaint for Damages against:
PARAGON SYSTEMS, INC, dba PARASYS, INC., DOES 1-20

40.     In doing the foregoing wrongful acts Defendants, and each of them, acted in reckless and callous disregard for the constitutional rights of Plaintiff. The wrongful acts, and each of them, were willful, oppressive, fraudulent and malicious.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## FOURTH CAUSE OF ACTION

(VIOLATION OF CALIFORNIA CIVIL CODE, § 52.1)

(AGAINST All Defendants)

41.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 40 of this complaint.

42.     Defendants' above-described conduct constituted interference and attempted interference with Plaintiff's peaceable exercise and enjoyment of rights secured by the laws of the United States Constitution and the State of California in violation of California Civil Code § 52.1, including the right to be free from unreasonable detentions, arrests, and the excessive use of force.

43.     As a further proximate result of the acts of Defendants, Plaintiff suffered general damages including pain and suffering.

44.     In doing the foregoing wrongful acts Defendants, and each of them, acted in reckless and callous disregard for the constitutional rights of Plaintiff. The wrongful acts, and each of them, were willful, oppressive, fraudulent and malicious.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

//

//

//

//

Plaintiff Raad Zuhair Rabieh's Complaint for Damages against:
PARAGON SYSTEMS, INC, dba PARASYS, INC., DOES 1-20

## FIFTH CAUSE OF ACTION

(VIOLATION OF CALIFORNIA CIVIL CODE, § 51.7)

(AGAINST All Defendants)

45. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 44 of this complaint.

46. Defendants threatened and/or committed violent acts against Plaintiff and/ or his property.

47. A motivating reason for Defendants' conduct was their perception of Plaintiff's color, religion, ancestry, national origin and/or political affiliation.

48. Plaintiff was harmed and as a further proximate result of the acts of Defendants, Plaintiff suffered general damages including pain and suffering.

49. In doing the foregoing wrongful acts Defendants, and each of them, acted in reckless and callous disregard for the constitutional rights of Plaintiff. The wrongful acts, and each of them, were willful, oppressive, fraudulent and malicious.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.


## SIXTH CAUSE OF ACTION

(ASSAULT)

(AGAINST All Defendants)

50. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 49 of this complaint.

51. Defendants had a duty to act reasonably and not engage in conduct, which causes individuals to reasonably fear imminent offensive harmful touching.

52. Defendants acted unreasonably and breached the aforementioned duty,

Plaintiff Raad Zuhair Rabieh's Complaint for Damages against:
PARAGON SYSTEMS, INC, dba PARASYS, INC., DOES 1-20

because they used excessive force on Plaintiff.

53.    As a proximate result of Defendant's breach of duty, Plaintiff was placed in fear of an immediate harmful offensive touching.

54.    As a further proximate result of the acts of Defendants, Plaintiff suffered general damages including pain and suffering.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.


## SEVENTH CAUSE OF ACTION

### (BATTERY)

### (AGAINST All Defendants)

55.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 54 of this complaint.

56.    Defendants had a duty to act reasonably and not engage in conduct, which causes harmful offensive touching to an individual's person.

57.    Defendants acted unreasonably and breached the aforementioned duty when doing the acts alleged herein.

58.    As a further proximate result of the acts of Defendants, Plaintiff suffered general damages including pain and suffering.

59.    As a proximate result of Defendant's breach of duty, Plaintiff was wounded and suffered damages as hereinafter set forth.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.


## EIGHTH CAUSE OF ACTION

### (NEGLIGENCE)

### (AGAINST All Defendants)

60.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 59 of this complaint.

61.    Defendants' had a duty to protect innocent members of the public from

Plaintiff Raad Zuhair Rabieh's Complaint for Damages against:
PARAGON SYSTEMS, INC, dba PARASYS, INC., DOES 1-20

violence and or the abridgment of constitutional and statutory rights while on federal grounds, and breached that duty by the acts heretofore described.

62. Defendants' negligent actions and/or negligent failures to act, as set forth herein above proximately caused the emotional, physical and financial injuries visited upon Plaintiff.

63. Plaintiff brings this action and claim for damages from, said Defendants for negligent actions and failure to act, and resulting injuries and damages.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## NINTH CAUSE OF ACTION

### (NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)

### (AGAINST ALL Defendants)

64. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 63 of this complaint.

65. Defendants caused negligent infliction of emotional distress that included, but was not limited to, mental abuse. The mental abuse caused Plaintiff to reasonably and continually fear for his safety and security. The physical and mental abuse resulted in Plaintiff suffering severe emotional distress with attendant physical manifestations.

66. Plaintiff brings this action against, and claim for damages from, said Defendants for negligent infliction of emotional distress, and resulting injuries and damages.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### JURY DEMAND

67. Plaintiff hereby demands a jury trial in this action.

//

Plaintiff Raad Zuhair Rabieh's Complaint for Damages against:
PARAGON SYSTEMS, INC, dba PARASYS, INC., DOES 1-20

**PRAYER**

WHEREFORE, Plaintiffs pray for relief, as follows:

1. For general damages in a sum according to proof;

2. For special damages in a sum according to proof;

3. For a civil penalty in the amount of $25,000 for each violation;

4. For punitive damages in a sum according to proof;

5. For reasonable attorney's fees;

6. For cost of suit herein incurred; and

7. For such other and further relief as the Court deems just and proper.


Dated:  July 27, 2015                    */s/ Che L. Hashim*
                                         Che L. Hashim
                                         Attorney for
                                         RAAD ZUHAIR RABIEH
                                         861 Bryant Street
                                         San Francisco, CA 94103
                                         Tel: 415/487-1700
                                         Fax: 415/431-1312
                                         Email: che.hashim.esq@gmail.com