UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RAAD ZUHAIR RABIEH,<br><br>    Plaintiff,<br><br>v.<br><br>PARAGON SYSTEMS INC., dba PARASYS, INC., DOES 1-20,<br><br>    Defendants. | Case No. 5:16-cv-04256-EJD<br><br>**ORDER GRANTING MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>Re: Dkt. No. 66 |

Plaintiff Raad Zuhair Rabieh ("Plaintiff") brings this action against Defendant Paragon Systems Inc. ("Paragon") and "DOES 1-20" (collectively, "Defendants"), alleging Constitutional violations and various state law claims. Presently before the Court is Plaintiff's motion for leave to file a second amended complaint. Dkt. No. 66. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter suitable for decision without oral argument and VACATES the hearing set for April 12, 2018. For the reasons discussed below, Plaintiff's motion is GRANTED.

Under Federal Rule of Civil Procedure 15(a)(1), a party "may amend its pleading once as a matter of course" within 21 days after that pleading is served, or 21 days after service of a responsive pleading or motion under Rule 12. "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Because Plaintiff has already amended his complaint once as a matter of course, *see* Dkt. No. 3, he cannot file an additionally amended complaint without leave of this Court.

"Generally, Rule 15 advises the court that 'leave shall be freely given when justice so requires.' This policy is 'to be applied with extreme liberality.'" *Eminence Capital, LLC v.*

*Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)). In *Foman v. Davis*, the Supreme Court enumerated several factors which district courts should consider in deciding whether to grant leave to amend:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

371 U.S. 178, 82 S. Ct. 227, 9 L. Ed. 2d 222 (1962). Of these factors, "prejudice to the opposing party . . . carries the greatest weight." *Eminence Capital*, 316 F.3d at 1051. "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Id*.

Here, Plaintiff's proposed amendments alter the operative complaint in two ways: (1) they add the names of "DOE 1," "DOE 2," "DOE 3," and "DOE 4;" and (2) they modify Plaintiffs' § 1983 claims in the first three causes of action to allege *Bivens* claims in the alternative. *Compare* Dkt. No. 66-1, *with* Dkt. No. 3. Defendants do not appear to oppose this first category of changes, and only challenge the second category on a single basis: legal futility. Opposition ("Opp'n"), Dkt. No. 67. On that point, Defendants argue that Plaintiff's *Bivens* claims are legally futile because private corporations (such as Paragon) and private individuals (such as the Paragon employees named in the proposed second amended complaint) cannot be held liable under *Bivens*.[1] Opp'n 3-4.

Defendants' objection sweeps too broadly. Indeed, as the Ninth Circuit has recognized, the Supreme Court has yet to "completely foreclose applying *Bivens* to private actors." *Vega v. United States*, 881 F.3d 1146, 1153 (9th Cir. 2018) (citing *Minneci v. Pollard*, 565 U.S. 118, 120, 132 S. Ct. 617, 181 L. Ed. 2d 606 (2012) ("[W]e concede that we cannot prove a negative or be

---

[1] Defendants also argue that Plaintiff's § 1983 claims are legally futile. Opp'n 4-5. However, because these claims are already part of the operative complaint, they are not amendments which the Court must consider in deciding Plaintiff's motion for leave. If Defendants wish to challenge the legal sufficiency of these claims, they must do so in a properly noticed motion under Federal Rule of Civil Procedure 12.

Case No.: 5:16-cv-04256-EJD
ORDER GRANTING MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT
2

totally certain that the features of state tort law relevant here will universally prove to be, or remain, as we have described them.")); *see also Rosenberg v. Cornell Corp.*, No. C 07-4690 PJH, 2009 WL 5069141, at *7 (N.D. Cal. Dec. 17, 2009) ("Neither the Supreme Court nor the Ninth Circuit have answered the question regarding whether *Bivens* applies to employees of private corporations."). Based on the allegations in the second amended complaint and the information available at this stage, the Court cannot conclude that Plaintiff's *Bivens* claims are legally futile. Accordingly, amendment cannot be denied on this basis.

Defendants raise no other grounds for denying Plaintiff's request, and the Court discerns none. Accordingly, Plaintiff's motion for leave to file a second amended complaint is GRANTED. Plaintiff shall file the proposed second amended complaint as a separate docket entry on ECF forthwith.

**IT IS SO ORDERED.**

Dated: April 9, 2018

EDWARD J. DAVILA
United States District Judge

Case No.: 5:16-cv-04256-EJD
ORDER GRANTING MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT
3