UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RAAD ZUHAIR RABIEH,<br><br>Plaintiff,<br><br>v.<br><br>PARAGON SYSTEMS INC., et al.,<br><br>Defendants. | Case No.16-cv-04256-EJD (VKD)<br><br>**ORDER RE STIPULATION FOR DEPARTMENT OF HOMELAND SECURITY/FEDERAL PROTECTIVE SERVICE DOCUMENTS AND WITNESSES**<br><br>Re: Dkt. No. 85 |

Plaintiff Raad Zuhair Rabieh sues for alleged civil rights violations under federal and state law.[1] His claims are based on an April 12, 2012 incident at the Robert F. Peckham Federal Building, 280 South First Street, San Jose, CA 95113 ("Federal Building") that reportedly arose when he attempted to leave the Federal Building through the emergency exit, rather than through the customary exit.

All discovery matters having been referred to the undersigned, this Court is in receipt of the "Stipulation between the Parties to Court Order Directing Department of Homeland Security and/or Federal Protective Services [sic] to Produce Certain Documents and Provide Certain Witnesses to Testify in a Deposition." Dkt. No. 85. As suggested by the title of that document, the parties request that the Court issue an order compelling discovery from non-parties Department of Homeland Security ("DHS") and Federal Protective Service ("FPS"), a division within DHS. Among other things, the parties seek security footage; training manuals, employee

---

[1] The docket indicates that Judge Davila, who presides over this matter, recently dismissed Mr. Rabieh's federal claims (with leave to amend only the claims under 42 U.S.C. § 1983) and did not reach defendants' arguments regarding the exercise of supplemental jurisdiction over the state law claims. Dkt. No. 84. Mr. Rabieh has until July 2, 2018 to file an amended complaint. *Id.*

handbooks, and other policies and procedures; communication logs; records pertaining to the activation of any emergency exit alarm at the Federal Building on April 12, 2016[2]; and the names and contact information for any visitors to the Federal Building on April 12, 2016. The parties also seek an order compelling FPS Officer Alvaro Lopez to testify at a deposition.

Pursuant to 5 U.S.C. § 301, often referred to as the "housekeeping statute," the head of a federal agency may promulgate regulations governing the agency head's "department, the conduct of its employees, the distribution and performance of its business, and the custody, use, and preservation of its records, papers, and property." Such regulations are generally known as *Touhy* regulations and take their name from *United States ex rel. Touhy v. Ragen*, in which the Supreme Court affirmed the validity of such regulations. 340 U.S. 462, 468, 71 S. Ct. 416, 95 L.Ed. 417 (1951). The housekeeping statute "does not authorize withholding information from the public or limiting the availability of records to the public." 5 U.S.C. § 301. In the Ninth Circuit, "Section 301 does not create an independent privilege to withhold government information or shield federal employees from valid subpoenas." *Exxon Shipping Co. v. U.S. Dep't of Interior*, 34 F.3d 774, 780 (9th Cir. 1994). "Rather, district courts should apply the federal rules of discovery when deciding on discovery requests made against government agencies, whether or not the United States is a party to the underlying action." *Id.*[3]

The DHS has promulgated regulations governing the production of documents and testimony. *See* 6 C.F.R. § 5.41, *et seq.* For example, DHS regulations prohibit testimony and production of documents by employees and former employees, unless approved by the Office of the General Counsel or its delegates. 6 C.F.R. § 5.44. DHS regulations also identify factors the department will consider in determining whether to comply with a demand or request, as well as procedures to be followed when the production of documents or testimony is sought. *Id.* §§ 5.45-5.48.

---

[2] Although the stipulation specifies the date of April 12, 2016, plaintiff's most recent pleading indicates that the alleged incident occurred on April 12, *2012*. *See, e.g.,* Dkt. No. 72 at 5.

[3] In interpreting Section 301, the Ninth Circuit does "not distinguish between subpoenas seeking testimony and documentary evidence." *Exxon Shipping Co.*, 34 F.3d at 777.

The parties' stipulated request for a court order does not describe the efforts, if any, the parties have undertaken to obtain the discovery they seek of DHS or FPS using the tools provided in the Federal Rules of Civil Procedure. The stipulated request also does not indicate whether the parties have made any efforts to comply with DHS's regulatory procedures for the production of documents and testimony. In these circumstances, the Court declines to enter an order compelling production of documents and testimony by DHS or FPS at this time.

**IT IS SO ORDERED.**

Dated: June 21, 2018

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge